OPINION of the Court, by'
Ch. J. Boyle.
This, is a controversy for 100 acres of land, under adverse conflicting claims. The appellant, who was defendant in the court below, relies upoA his elder patent. The validity of the appellee’s claim is therefore the only-subject of inquiry demanding the attention of the court. He asserts his right under a deed from George R. Clark, whose claim is founded on the following entry “ No. 163 — George R. Clark enters 2000 acres, part of a military warrant No. 2292, on the south side of Cum» berland river, beginning on the trace leading from Cumberland river to Price’s Meadows, one mile from said river, thence south 15 W. 500 poles, thence eastwardly so as to include Price’s improvement — August 5th 1784.”
The appellant in his defence insists that this entry was vague and void ab initio ; or if originally good, that it has been vitiated (at least so far as respects this controversy) by a subsequent withdrawal and re-entry to the following effect: “ 2d August 1791 — George R. Clark withdraws his entry of 1000 acres, No. 163, and re-enters the same on the waters of Little Barren river,” &c. &c.
We feel no difficulty in giving our assent to the validity ol the original entry. The existence and notoriety of the objects called for, at and before the period of making the location, are clearly and satisfactorily proven. It appears indeed that besides Abram Price’s improvement, which is claimed as the one called for in the entry, Benjamin Price had an improvement about two miles distant from it, to which, at an early period, there was a trace leading from Cumberland river. An attempt was also made to shew that Price’s Meadows extended from the one improvement to the other. Hence it was argued that the trace to Benjamin Price’s improvement would answer the call in the entry for the trace leading to Price’s Meadows, and that his improvement, as well as that of Abram Price, would correspond with the call “ to include Price’s iihprovement,” and that thus far the entry was vague and uncertain and calculated to deceive and mislead subsequent locators.
Where two oi>jccts equally ^££rJ’ ken which 0-p««es in the b!y to the clai-roínt under that GrÁhmVskt mt 107,*
The correctness of this conclusion, were the premises true, could not be doubted. But the evidence as to the u ace to Benjamin Price’s improvement, does not shew that it existed later than 1778 ; and for aught we know, not a vestige of it may have remained at the date of the entry in 1784.
With respect to the extent of what was known by the name of Price’s Meadows, although there is some degree of contrariety in the testimony, the great body of the evidence leaves upon the mind the clearest conviction that the name was generally and mere appropriately applied to a small prairie contiguous to Abram Price’s improvement, and to which the trace from Cumberland river to Benjamin Price’s improvement did not lead. In regard to the improvement of Benjamin Price, it may be remarked, that it was originally of less note and distinction than that of Abram Price, and that at the date of the entry in question it was greatly obscured, if not wholly obliterated. The call therefore for the trace, could not mislead ; and it is obvious that it would require but a candid exercise of the most common understanding, to arrive at the conclusion that A. Price’s, and not B. Price’s improvement was meant by the call “ to include Price’s improvementespecially when taken in connection with the allusion in the entry to Price’s Meadows.
But the trace from the Cumberland river to Price’s Meadows, within less than the distance of a mile from the river, forks; both of these forks however lead to Price’s Meadows, and are not so distant from each c-tner that the entry beginning upon either would not occupy some of the land in contest: but which of these forks was most used or best known at the time of the entry, remains doubtful from the testimony.
Where two objects equally fit a call in an entry, that which would operate in the controversy most against the claimant under the entry, ought to be preferred. According to this principle, the fork which in the connected plat is called the right hand trace, must be taken in this case as the one upon which the entry in question is begin.
The beginning is required to be on the trace, one •mile irom the river. We consider the doctrine as set-tied by this court ia the case of Hall and Whitaker (vol. *120 i, p, 79), and by the supreme court of the United States; in the case of Bodley and Hughes vs. Taylor (5 Cranch p. 226), tnat wherever a distance is called tor on a road from one object to another, the mensuration of the dis-fance mast be according to the meanders of the road, and not on a direct line. In that way must, in this case ^ m¡je from the river be ascertained. The be- , ’ . i , , ginning being thus ascertained, and the base line given, according to a long and well established principle, the ¡¡nes from the base ought to run at right angles thereto, unless there were other calls in the entry which manifested the intention of the locator that they should be run differently.
Diflances be. tween two ob-jeetí ob a road, to be taken a. Jo-g the mea»-ders and not on a duett line,
Eaftwaroly, indefinite, si aifying which side “jp the "base""the land is to ¡⅛— rules'* *
Re&nguiat de^rted1 'from otiléis the calls oftlie entry are wírhrhat'figure Fide vdt. 1, p." «33, rule ¾⅜,
e,,having an «try of *000 acres. ⅜* w ¡ t n*® iraws his entry of 1000 acres, No. 163; no íng íhewñ in the name of c. the withdrawai ap-try for 2oco », tres, and con-fwktd«waTof jooo acres on-Iy: residue Rdfandlbesur: veydirefteí.
The call to run eastwardly, is an indefinite expression, and means nothing- more, necessardy, than that the land shall lie on the eastern, and not upon the western side of the given line. The call to include the improvement, will in this case be complied with by running the from the base at right angles thereto.
There is nothing therefore in these calls which is incompatible with the rectangular figure, or shews an in-tentlon "m the locator to depart from it. So much of the land m controversy as would be included in a survey of 2000 acres, when made according to these princi* P^€S’ the appellee would be entitled to recover of the appellant, if this contest depended solely upon the validity of the original entry ; but we must now inquire whether the withdrawal is of the whole or any part of this entry, and if of a part, what is its effect with respect to the residue.
can hut little doubt that the withdrawal R applicable to the entry in question. Had it been shewn that Clark had an entry of 1000 acres prior to the date Q| withdrawal, we should have thought it more ra~ úonal to presume a mistake in the number of the entry, than in the quantity of acres ; but we cannot reason up-the supposition of the existence of an entry which is not produced ; for the rule m this respect is de non op-parentibus et non existentibus eadetn est ratio. There existing then no entry of 1000 acres, to which the with-drawal might be applied, the inference is strong, from the coincidence in other respects between the withdraw-al aad the entl7 >a question, that the withdrawal has reference to it, and to no 0⅛⅜?« We are inclined to *121 think however that it must be considered as a withdrawal of 1000 acres only, and not of the whole entry. It seems to have been so considered by the surveyor, and is so treated by the appellant in his answer. It requires indeed but a slight transposition of the words, to express clearly and intelligibly this idea ; and it is perhaps as rational to suppose that there was an improper collocation of the words, as that títere was a mistake in the number of acres intended to be withdrawn.
The length of the given base, and the call to include an ittt~ frovement, be-* ing incompatible, the former made to yield as far as neces-fary to comply with the latter.;
Assuming the position that it is a withdrawal of 1000 acres only, and it remains to be inquired what effect it has upon the remaining part of the entry. There is no difficulty in imagining cases where the withdrawal of a part of an entry, without indicating the part of the location from which it is withdrawn, would destroy the residue : other cases, however, may occur in which it would not have this effect.
The best general rule upon this subject would seem to be, that where the remaining part of the entry could comply with all the material calls of the original entry, that it ought to be sustained, and that it should be so surveyed as to conform to those calls : or in other words, the remaining part of the entry should be considered as having the calls of the original entry ; and if, with those calls, it would be good as an original location, it ought to be sustained. Testing the entry in question by this •.ule, we are of opinion that the remaining part of the <ntry’ may be supported. It is true, from the dis-ouie ol the improvement from the base line, that if the remaining 1000 acres be surveyed by running the full length of the base given, the improvement could not be included ; but as the improvement was an object of the senses, and the length oí the base not so, but ascertainable only by artificial means, attainable only by men bating a knowledge of the art of surveying, it ought to be presumed, ut res magis valeat quam per eat, that the length of the given line was a mistake, and that as it would not tend to deceive subsequent locators, unless the distance from the given line to the improvement was much greater than it is in the present case, the call lor the length of the given line ought to yield to the call lor the improvement, so far that the survey Would include the improvement, but no farther. The survey of the luoo acres oyght to begin ou the right hand, trace, *122 one mile from the Cumberland river, to be ascertained according to the meanders of the trace. The base line ought to be extended so far that lines run at right angles thereto would include the quantity by barely including within the line opposite or parallel to the base line, Abram Price’s improvement. So much of the land in controversy as would be included in the survey, when thus made, the appellee is entitled to recover of the appellant, and the court below ought to have decreed the conveyance of so much, but no more.
We have not noticed the ground taken fora new trial at law, because we think it unsupported.
Decree reversed, and cause remanded, &c.